UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHICAGO BRIDGE & IRON COMPANY N.V., ET AL | CIVIL ACTION |
| VERSUS | NO. 14-1191 |
| TRC ACQUISITION, LLC | SECTION "N" (2) |

### ORDER AND REASONS

Before the Court is the Defendant's Motion to Dismiss (Rec. Doc. 4). The plaintiffs have filed an opposition memorandum, the defendant has filed a reply, and the plaintiffs have filed a sur-reply. Rec. Docs. 5, 10, 13.

**I.  BACKGROUND:**

This is an action to enforce an arbitrator's subpoena directing a non-party to the arbitration to produce documents, pursuant to Section 7 of the Federal Arbitration Act (FAA), 9 U.S.C. § 7. The arbitration is between one Roy Glover and his former employer(s), Chicago Bridge & Iron Company ("CB&I") and Shaw Group Inc. ("Shaw"). Glover initiated the proceedings, seeking to recover certain termination payments allegedly due under an employment agreement. CB&I and Shaw filed a counterclaim seeking injunctive relief and damages for breach of contract on grounds that Glover's current employment with TRC Acquisition, LLC ("TRC") and/or its subsidiary, The Roberts Company Field Services, Inc., violates the employment agreement and a related non-compete agreement. CB&I and Shaw requested, and the arbitrator issued, a subpoena to TRC requesting the production of documents, seeking not only documents relating to the hiring of Glover, but also seeking "[a]ny documents

showing the location of any projects TRC... and its subsidiaries have performed, and a description of the services provided, from January 2011 to present," and "[a]ny document showing the geographic location in which TRC...or its subsidiaries provides services to customers or seeks to provide services to customers." Rec. Doc. 1-1.  Neither TRC nor any of its subsidiaries is party to the arbitration.  TRC refused to comply with the subpoena on grounds that Section 7 of the FAA does not authorize an arbitrator to compel the production of documents from persons or entities who are not parties to the arbitration. Rec. Doc. 1-2.  The present suit ensued.

## II. LAW AND ANALYSIS:

TRC seeks dismissal on three grounds:  (1) that subject matter jurisdiction is lacking, given that the FAA, including Section 7, does not itself confer subject matter jurisdiction, and the amount in controversy does not exceed $75,000, as required for diversity jurisdiction; (2) the Court is without personal jurisdiction over the defendant, given that TRC itself has no contracts with Louisiana (though its subsidiary does) and Section 7 of the FAA does not provide for nationwide service of process; and (3) that the complaint fails to state a claim for which relief may be granted, given that Section 7 provides only for the enforcement of a subpoena *duces tecum* against a non-party who is compelled to testify as witness before the arbitrator, not for a subpoena seeking merely the production of documents by a non-party who is not summoned to testify as a witness before the arbitrator.  Finding that the first and third bases for dismissal have merit, the Court need not address the second.

      A.      **Subject Matter Jurisdiction:**

"It is well established that the FAA is not an independent grant of federal jurisdiction." *Smith v. Rush Retail Centers, Inc.*, 360 F.3d 504, 505 (5th Cir.), *cert. denied*, 543 U.S. 876 (2004) ("holding that FAA § 10 does not create federal subject matter jurisdiction"). Although the Fifth Circuit has not addressed this issue in the context of Section 7, other circuits have, each of them concluding that Section 7 does not bestow subject matter jurisdiction. *See Stolt-Nielsen SA v. Celanese AG*, 430 F.3d 567, 572 (2nd Cir. 2005) ("parties invoking Section 7 must establish a basis for subject matter jurisdiction independent of the FAA"); *Amgen, Inc. v. Kidney Ctr. of Delaware County, Ltd.*, 95 F.3d 562, 567 (7th Cir. 1996) (holding that the FAA "itself does not create subject matter jurisdiction for independent proceedings, whether they involve § 4 or § 7"); *see also American Federation of Television and Radio Artists, AFL-CIO v. WJBK-TV*, 164 F.3d 1004, 1007-08 (6th Cir. 1999) (holding that Section 7 of the FAA did not bestow jurisdiction but finding federal jurisdiction pursuant to the Labor Management Relations Act of 1947). Given that the Fifth Circuit has held that no federal subject matter jurisdiction is created by Section 10,[1] which like Section 7 refers to the "United States court" in a manner that might suggest a grant of jurisdiction, this Court is confident in following this weight of authority and finding that Section 7 of the FAA does not create federal subject matter jurisdiction. Thus, the plaintiffs must establish an independent basis for jurisdiction.

    The plaintiffs assert in their complaint that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. TRC argues that the jurisdictional amount is not met. As the party invoking the

---

[1] *Rush Retail*, 360 F.3d at 505-06.

jurisdiction of the court, it is the plaintiff who bears the burden of establishing that the jurisdictional amount is satisfied. *See Hartford Ins. Group v. Lou-Con Inc.,* 293 F.3d 908, 910 (5th Cir. 2013). The plaintiffs assert in their complaint that the jurisdictional threshold is satisfied by virtue of the damages they seek in the arbitration, including the return of a $1 million payment made to Glover. However, these amounts are sought against Glover, not TRC. The plaintiffs assert no claim against TRC, who is not a party to the arbitration, and seek nothing from TRC in this action other than the production of discovery documents. In their opposition memorandum, the plaintiffs argue that if the arbitrator rules in their favor on the counterclaim, Glover may be enjoined from continuing his employment with TRC, where he earns an annual salary of $300,000. This, too, however, represents the value of a right possessed by Glover. The plaintiffs fail to quantify how TRC might be damaged by the granting of such relief. Nor have the plaintiffs provided the Court with any facts that would justify a finding that the amount in controversy in this proceeding meets the jurisdictional threshold. Accordingly, they have failed to carry their burden of establishing a valid basis for subject matter jurisdiction.

  **B.** **Failure to State a Claim for Relief:**

Alternatively, even if the Court has jurisdiction over this matter, the relief that the plaintiffs seeks is not available. This Court agrees with the Second, Third, and Fourth Circuits that Section 7 provides only for the issuance and enforcement of a subpoena *duces tecum* against non-parties who are compelled to testify as witnesses before the arbitrator, not for a subpoena seeking merely the production of documents by a non-party who is not summoned to testify as a

witness before the arbitrator.[2]  *See Life Receivables Trust v. Syndicate 102 at Lloyd's of London*, 549 F.3d 210, 214-17 (2nd Cir. 2008); *Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 407 (3d Cir.2004); *cf. COMSAT Corp. v. National Science Foundation*, 190 F.3d 269, 274-76 (4th Cir. 1999) (holding that the FAA does not grant an arbitrator authority to order non-parties to appear at depositions "or the authority to demand that non-parties provide the litigating parties with documents during prehearing discovery" but contemplating that a party might, under "unusual circumstances" petition a court to compel pre-arbitration discovery upon a "showing of special need or hardship"); *see also Empire Financial Group, Inc. v. Penson Financial Services, Inc.*, 2010 WL 742579 *2-4 (N.D. Tex. Mar 03, 2010) (following *Hay Group* and *Life Receivables*); *Ware v. C.D. Peacock, Inc.*, 2010 WL 1856021 *2 (N.D. Ill. May 07, 2010) (same).  *But see In re Arbitration Between, Sec. Life Ins. Co. of Am.*, 228 F.3d 865, 870–71 (8th

---

[2]  Section 7 provides in pertinent part:

> The arbitrators...may summon in writing any person **to attend before them** or any of them **as a witness** and in a proper case to **bring with him** or them any book, record, document, or paper which may be deemed material as evidence in the case.... Said summons shall issue in the name of the arbitrator or arbitrators, or a majority of them, and shall be signed by the arbitrators, or a majority of them, and shall be directed to the said person and shall be served in the same manner as subpoenas to appear and testify before the court; if any person or persons so summoned **to testify** shall refuse or neglect to obey said summons, upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel **the attendance of such person or persons before said arbitrator** or arbitrators, or punish said person or persons for contempt in the same manner provided by law for **securing the attendance of witnesses** or their punishment for neglect or refusal to attend in the courts of the United States.

9 U.S.C. § 7 (emphasis added).

Cir. 2000).   The plaintiffs do not argue that TRC was summoned to testify before the arbitrator, and indeed, the subpoena itself states:  "THIS DEPOSITION IS BEING TAKEN FOR PURPOSES OF RECORDS PRODUCTION ONLY."   Rec. Doc. 1-1.  Thus, an action to enforce it is not authorized under Section 7.

Plaintiffs argue in their sur-reply memorandum that the failure to state a claim argument is moot because the hearing for which the documents were sought (a preliminary injunction hearing on June 12, 2014) has already occurred, with the plaintiffs reserving the right to supplement the record with the documents sought herein.  Rec. Doc. 13 at 1.   Plaintiffs place too much weight on the term "pre-hearing," as used in the jurisprudence.  The rationale of *Hay Group* and *Life Receivables* turns on the fact that Section 7 "unambiguously restricts an arbitrator's subpoena power to situations in which the non-party has been called to appear in the physical presence of the arbitrator and to hand over the documents at that time." *Hay Group*, 360 F.3d at 407; *Life Receivables,* 549 F.3d at 215.   The fact that a hearing might already have been held is immaterial.   Accordingly, for the foregoing reasons;

**IT IS ORDERED** that Defendant's Motion to Dismiss **(Rec. Doc. 4)** is hereby **GRANTED**, and this case is hereby **DISMISSED**.

New Orleans, Louisiana, this 29th day of July, 2014.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**